IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES R. MITCHELL, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:09-cv-00480 |
| | ) JUDGE HAYNES |
| BRIDGESTONE AMERICAS HOLDING, | ) |
| INC, and JOHN MCLAUGHLIN, | ) |
| and MISSY PIERCE | ) |
| | ) |
| Defendants. | ) |
| | ) |

M E M O R A N D U M

Plaintiff, James Mitchell Jr., filed this pro se action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and Tennessee law against Defendants: Bridgestone Americas Holding, Inc, John McLaughlin and Missy Pierce. Plaintiff asserts claims for racial discrimination in his termination and retaliation. Plaintiff also asserts Tennessee state law claims for wrongful discharge, retaliation, intimidating work environment, defamation, and intimidation.

Before the Court is Defendants' motion to dismiss, (Docket Entry No. 48) contending that Plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. In sum, Defendants contend: that Plaintiff's state law claims are time barred, that Plaintiff cannot assert Title VII claims against individual defendants, and the facts do not state a claim for retaliation or discrimination under Title VII. (Docket Entry No. 49).

Plaintiff has not responded to Defendants' motion beyond a single sentence that Plaintiff opposes the motion and requests a jury trial. (Docket Entry No. 55). Nevertheless, the Court, at a minimum, must examine the merits of Defendants' motion. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

For the reasons set forth below, the Court concludes that Defendants' motion to dismiss should be denied as to Plaintiff's Title VII discrimination claim, against Defendant Bridgestone America, but granted as to Plaintiff's other claims.

## 1. Analysis of Pleadings

Plaintiff's complaint asserts six claims against Defendants: (1) discrimination, (2) wrongful discharge, (3) retaliation/reprisal, (4) intimidating work environment, (5) defamation of character and (6) intimidation. Plaintiff's claims arise from Defendant Bridgestone America's termination of Plaintiff for falsifying documents in August 2007. (Docket Entry No. 1, Complaint). Although the complaint lacks a coherent timeline, near the date of Plaintiff's termination, Plaintiff's supervisor Deci Huffaker allegedly confessed to forging Plaintiff's name as well as the names of numerous other employees on company documents. Id. at 2. Plaintiff is the only African-American among the fifteen employees whose names were allegedly forged and the only employee questioned and mistakenly terminated for Huffaker's forgery. Id. Huffaker was allowed to retire with full benefits. Id.

Plaintiff was reinstated following arbitration and Defendant Bridgestone America was ordered to restore his employment and pay any lost wages on November 27, 2007. Id. The Defendants' failure to do so until February 2008 is the basis of Plaintiff's retaliation claim. Id.

As to Plaintiff's state law defamation claim, Plaintiff cites Defendant Pierce's submission of "false statements to numerous agencies including but not limited to [the] Tennessee Department of Labor and Workforce Development Employment Security Division, U.S. Environmental Protection Agency (E.P.A.), and Equal Employment Opportunity Commission Tennessee Human Rights Commission, and State of Tennessee Department of Environment and Conservation Division of Air Pollution Control" starting in September 2007. Id. at 3.

Plaintiff's intimidation claim is that he and other maintenance employees were forced to sign false documents suggesting that they had received training in the past to avoid being charged with violations of the "Tennessee Air Quality Act." Id. Plaintiff alleges that the employees were threatened with termination for insubordination if they failed to sign such documents. Id. Plaintiff's intimidation claim cites his questioning by Defendant's attorneys without his own attorney present. Id.

Plaintiff does not assert a specific claim against Defendant McLaughlin, nor does McLaughlin appear in Plaintiff's filings beyond the style of the case. (Docket Entry No. 49, Defendant's Memorandum in Support of Motion to Dismiss at 3)

## 2. Conclusions of Law

Consideration of a motion to dismiss requires the Court to accept the complaint's factual allegations as true and to construe the complaint liberally in favor of the plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). To survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Indeed, "it is not . . . proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983).

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

3

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1949-1950.

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Thus, "when deciding a motion to dismiss a court may consider only matters properly a part of the complaint or

4

pleadings." Armengau v. Cline, No. 99-4544, 7 Fed. Appx. 336, 343 (6th Cir. March 1, 2001). The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." Id. at 344. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Id. (citations omitted).

As to Plaintiff's state law retaliation, retaliatory discharge and discrimination claims, a one year statute of limitation applies that begins to run when the discriminatory conduct ceases or from the date of the alleged injury.[1] Tenn. Code Ann. § 4-21-311(d); Tenn. Code Ann. § 28-3-104(b)(3). For Plaintiff's discrimination claims, the THRA limitations period is not tolled while administrative charges are pending with the EEOC. Burnett v. Tyco Corp., 932 F. Supp. 1039, 1044 (W.D. Tenn. 1996) aff'd 203 F.3d 980 (6th Cir. 2000). Plaintiff's claims for defamation are subject to a one year statute of limitations for written defamation and a six month statute of limitations for oral defamation. Tenn. Code Ann. § 28-3-104; Tenn. Code Ann. § 28-3-103. Plaintiff was discharged on or around August 30, 2007, received the benefits in an arbitration proceeding in February 2008 and filed his complaint on May 26, 2009. The alleged defamatory statements occurred in 2007. Thus, the Court concludes that Plaintiff's state law claims are time barred.

Plaintiff's intimidation claim is interrelated with his hostile work environment claim. These claims are also subject to the one year limitation period and are time-barred.

As to his Title VII claims, Plaintiff failed to mention a hostile work environment in his EEOC charge, (Docket Entry No. 1-1, EEOC Notice of Rights at 2), or file a separate EEOC

---

[1] Retaliatory discharge is a tort action subject to the statute of limitations in Tenn. Code Ann. §28-3-104. Weber v. Moses, 938 S.W.2d 387, 393 (Tenn. 1996).

charge about a hostile work environment based on race or any other act of intimidation. An EEOC charge must be filed within one hundred eighty (180) days of alleged discrimination or within three hundred days (300) if the plaintiff first files a charge with a state or local agency. Tate v. Shelby County Road Dept., 19 F.3d 1434 (Table), 1994 WL 91687, at *2 (6th Cir. 1994); 42 U.S.C §2000e-5. Thus, Defendants' motion to dismiss these claims should be granted.

Plaintiff's remaining claims are for job assignment and retaliation under Title VII. Plaintiff cannot bring a Title VII claim against the individual Defendants McLaughlin and Pierce. Wathen v. General Electric, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII"). Thus, the Court concludes that Plaintiff's Title VII claims against individual Defendants McLaughlin and Pierce must be dismissed.

As to the prima facie showing for retaliation against Defendant Bridgestone, under Title VII, retaliation is defined as an employee who has "opposed any practice made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-3. For these claims, Plaintiff must allege that he engaged in a protected activity and was subject to an adverse employment action or severe or persuasive harassment for engaging in that activity. Hunter v. Secretary of United States Army, 565 F.3d 986, 995-96 (6th Cir. 2009). An employee is not protected for violations of his employer's legitimate rules and orders. Booker v. Brown & Williamson Tobacco Co, Inc. 879 F.2d 1304, 1312 (6th Cir. 1989).

Here, Plaintiff alleges that he was terminated, but he pursued grievance procedures and arbitration that resulted in his reinstatement. Plaintiff does not allege any discrimination in the arbitration proceeding, (Docket Entry No. 1-2, Arbitration Opinion and Award). Yet after the arbitrator's ruling, Plaintiff alleges a delay in the restoration of his benefits and back salary that

caused Plaintiff to file his discrimination charge on January 18, 2008. Based on Plaintiff's complaint, Plaintiff does not plead any facts to suggest that Defendant Bridgestone America's failure to restore his benefits promptly and provide his back-pay were motivated by any opposition to a protected activity under Title VII.

As a matter of law, "participation in the arbitration proceedings, which were conducted wholly apart from any pending EEOC charge or proceeding, does not qualify as protected activity under Title VII's anti-retaliation provision, and Plaintiff cannot establish a *prima facie* case of Title VII retaliation based upon this activity." Harrison v. Oakland County, 612 F. Supp. 2d 848, 860 (E.D. Mich. 2009); see Abbot v. Crown Motor Co., 348 F.3d 537, 543 (6th Cir. 2003). Thus, Plaintiff's complaint fails to identify a causal connection between Plaintiff's protected activity and a subsequent adverse employment action. Thus, Defendants' motion to dismiss should be granted on Plaintiff's Title VII retaliation claim.

Plaintiff's remaining Title VII claim against Defendant Bridgestone is racially disparate treatment as the only African-American terminated, among fifteen of his co-workers whose names were forged. Plaintiff alleges that he was fired for his alleged falsifications, but his white supervisor who falsified the documents, was allowed to retire. (Docket Entry No. 1, Complaint at 2). According to Plaintiff's complaint, Plaintiff's supervisor Deci Huffaker allegedly admitted to forging "numerous signatures and names of other employees including that of [Plaintiff]." Id. Thus, Plaintiff filed a charge with the EEOC on this claim and received a right to sue letter. (Docket Entry No. 1-1, EEOC Notice of Rights at 1).

A pro se litigant's pleadings are to be liberally construed. "Allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." Jourdon v. Jabe, 951 F.2d 108, 110 (6th

Cir. 1991) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Assuming Plaintiff's factual allegations to be true, the Court concludes that Plaintiff has stated a disparate treatment claim. Whether punitive damages are appropriate, should be decided after a reasonable period of discovery. Consequently, Defendants' motion to dismiss Plaintiff's discrimination claim against Defendant Bridgestone America for a failure to state a claim should be denied.

For the reasons discussed above, the Defendants' motion to dismiss is granted on all of Plaintiff's claims except Plaintiff's Title VII disparate treatment claim against Defendant Bridgestone America.

An appropriate order is filed herewith.

Entered this the ___8th___ day of June, 2011.

WILLIAM J. HAYNES, Jr.
United States District Judge